Argued November 2, reversed December 29, 1972

# AMBROSEK ET AL, *Appellants, v.* BARKER
## *Respondent.*
### 504 P2d 740

*James D. Vick,* Salem, argued the cause for appellants. On the brief was F. P. Stager, Salem.

*William Wyllie,* Salem, argued the cause and filed a brief for respondent.

O'CONNELL, C.J.

This is a suit for a declaratory decree to construe a reservation in a deed. Plaintiffs appeal from a construction which favors defendant A. L. Barker.

In 1966 the defendants Burrell and others owned a tract of land in a rural area in Marion county. The owners employed Mr. Bill Seid to develop the tract for residential purposes. The tract was divided into 27 large parcels of approximately five acres each. Provision was made for access to the county road by the creation of a roadway easement in the form of a half circle running through the tracts with the termini of the easement being at a county road. Some of the tracts were sold by land sale contracts and some by warranty deed. Plaintiffs purchased ten of the lots. Deeds to two of the tracts were introduced into evidence; the land sale contracts were not.

Of the deeds introduced, one contained the following clause (following the description of the tract):

"TOGETHER WITH: A roadway easement 60.00 feet in width being 30.00 feet on each side of the following described centerline; [describing it] "SAVE AND EXCEPT for the rights of the grantors and others in and to the above described roadway easement."

One of the next deeds in point of time of execution contained the following clause (following the description):

"SAVE AND EXCEPT for the rights of the Vendor and others that portion of the above described tract lying within a 60 foot roadway easement along the Northeasterly line, said portion being 30 feet wide and adjacent to the said Northeasterly line, BUT TOGETHER WITH an easement appurtenant therein and the perpetual right

to use for roadway purposes in common with others, 60 feet in width, being 30 feet on each side of that centerline for roadway easement described as follows: [describing it]."

The complaint alleges that all of plaintiffs' deeds, or the deeds of their predecessors in interest contained a clause excepting an easement to the vendor and others for roadway purposes.

After the execution of the conveyance to plaintiffs, Burrell and others who had an interest in the tract before it was subdivided granted an easement for roadway purposes to defendant A. L. Barker over the roadway easement previously granted to plaintiffs. Defendant Barker was not the owner of any of the subdivided tracts; however, he had been granted an easement over one of them. This gave Barker access to the roadway easement in question to service property owned by him adjacent to the subdivision.

Plaintiffs contend that the defendant Barker did not acquire an easement in the roadway for the reason that the easement was intended to be exclusively for the benefit of the owners of the subdivided tract.

One of the plaintiffs testified in effect that when he purchased his tract from the realtor inquiry was made as to the meaning of the term "and others" in the deed, and it was represented that the roadway was to be for the use of the residents, their guests and service vehicles. It was stipulated that the other plaintiffs would testify to the same effect. Defendants did not introduce any evidence.

It is defendants' contention that the exception in favor of "grantors and others" reserved to the grantors an interest in the roadway which they could

convey to others, including owners of land not included in the subdivision. The trial court so held. This was error.

In the absence of some evidence to show that the parties intended to create an assignable easement in gross in favor of the grantor, the reasonable construction of the exception in the deed in favor of the "grantors and others" is that it was designed to create reciprocal easements among the several owners of the subdivided tract. The purpose of the exception in favor of "grantors" in addition to the "others" was to reserve to the grantors in each case an interest in the easement which they could pass on to the other grantees of other parcels in the subdivided tract. If there had been evidence that the grantors owned land in the area other than the tract subdivided, there might have been the basis for an inference that the reservation in the deed was to serve the other land. But there was no such evidence and without it or some other evidence indicating the grantors' intention to retain an interest in the roadway for their own purpose or for assignment, we are of the opinion that the deed must be construed to create an exclusive easement in the grantees.

The decree of the trial court is reversed.